HOBSON, Judge.
This is an appeal from a summary final judgment. Appellant Freeman brought an action in tort against appellee Redwing and others for injuries sustained while unloading sulfuric acid from a trailer owned by Redwing. Redwing answered and interposed three affirmative defenses. Only two of the affirmative defenses are involved in this appeal, to wit: 1) that Freeman was its employee and therefore barred from recovery by the Workmen’s Compensation Act; and 2) that Freeman had accepted Workmen’s Compensation benefits from it and was therefore estopped from bringing this action against Redwing.
Redwing owned the trailer but due to the nature of Redwing’s business it was necessary to obtain tractors to haul its trailers. Redwing contracted with one Jose Ramariz to lease his tractor, which Freeman was driving. The following issues must be resolved to determine whether or not the action is barred by the Workmen’s Compensation Act:
1. The relationship between Redwing and Ramariz, i. e., whether or not Ramar-iz was an independent contractor or an employee of Redwing;
2. The relationship between Redwing and Freeman, i. e., whether Freeman was an employee of Redwing; and
3. If Freeman was an employee of both Redwing and Ramariz, which employer was he working for at the time of the accident.
We have carefully reviewed the briefs and record on appeal and find that there are genuine issues of material fact as to the relationships between Redwing, Ramariz and Freeman which preclude the entry of a final summary judgment.
There being genuine issues of material fact as outlined above, summary final judgment could not be entered on the affirmative defense of estoppel.
REVERSED and REMANDED for further proceedings.
BOARDMAN, C. J., and McNULTY, J., concur.